**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| STEVEN MUSKAL, as Independent Administrator of the Estate of James B. Muskal,<br><br>Plaintiff,<br>-against-<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Civil No. 1:25-cv-15478<br><br>Judge Thomas M. Durkin |

**DEFENDANT WELL FARGO BANK, N.A.'S MOTION FOR LEAVE TO FILE AMENDED MOTION TO COMPEL ARBITRATION, TO STAY LITIGATION, FOR ATTORNEYS' FEES AND COSTS, AND TO HOLD THE DEADLINE TO RESPOND TO THE COMPLAINT IN ABEYANCE**

Pursuant to the Court's inherent authority to manage its docket, the Federal Arbitration Act, 9 U.S.C. §§ 1, *et. seq.,* and the strong federal policy in favor of arbitration, Defendant Wells Fargo Bank, N.A. ("Wells Fargo") moves the Court for leave to amend its Motion to Compel Arbitration, to Stay Litigation, for Attorneys' Fees and Costs, and to Hold the Deadline to Respond to the Complaint in Abeyance (Dkt. 13) ("Motion to Compel"). A proposed Amended Motion to Compel Arbitration, to Stay Litigation, for Attorneys' Fees and Costs, and to Hold the Deadline to Respond to the Complaint in Abeyance and Memorandum of Law in Support of the Amended Motion are attached as **Exhibits 1** and **2** respectively ("Amended Motion to Compel").

As more fully discussed in Wells Fargo's memorandum of law in support of this Motion, Plaintiff James Muskal and Wells Fargo entered a binding and enforceable agreement to arbitrate any disputes between them before the American Arbitration Association (AAA). In response to Wells Fargo's Motion to Compel, Plaintiff, as the administrator of Mr. Muskal's estate, asserts

that the Deposit Account Agreement and Consumer Account Application relied upon by Wells Fargo must be properly authenticated and shown to be admissible business records for the Court to compel arbitration. Wells Fargo seeks leave to amend the Motion to Compel to supplement the record with the Declaration of Shayne Driscoll, a Wells Fargo representative, to establish the authenticity and admissibility of the Deposit Account Agreement and Consumer Account Application and remove any barriers to the Court resolving the issue of arbitration on the merits.

The parties propose the following briefing schedule:

Plaintiff's Response in Opposition to the Motion – March 30, 2026.

Wells Fargo's Reply in Support of the Motion – April 6, 2026.

For the foregoing reasons and as more fully set forth in its memorandum of law in support of this Motion, Wells Fargo respectfully requests entry of an Order (i) granting it leave to amend its Motion to Compel Arbitration, to Stay Litigation, for Attorneys' Fees and Costs, and to Hold the Deadline to Respond to the Complaint in Abeyance (Dkt. 13), (ii) permitting Wells Fargo to file its Amended Motion to Compel Arbitration, to Stay Litigation, for Attorneys' Fees and Costs, and to Hold the Deadline to Respond to the Complaint in Abeyance and Memorandum of Law in Support of the Amended Motion, attached hereto as Exhibits 1 and 2, immediately following the Court's order, and (iii) granting such other and further relief as is just and proper.

Dated: March 20, 2026

By: /s/ Matthew Scot Payne
Attorney for Defendant Wells Fargo Bank, N.A.

MATTHEW SCOT PAYNE
mpayne@foxrothschild.com
Fox Rothschild LLP
321 N. Clark Street, Suite 1600
Chicago, Illinois 60654
Phone (312) 517-9200