**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| STEVEN MUSKAL, as Independent Administrator of the Estate of James B. Muskal,<br><br>Plaintiff,<br><br>-against-<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Civil No. 1:25-cv-15478<br><br>Judge Thomas M. Durkin |

**DEFENDANT WELLS FARGO BANK, N.A.'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED MOTION TO COMPEL ARBITRATION, TO STAY LITIGATION, FOR ATTORNEYS' FEES AND COSTS, AND TO HOLD THE DEADLINE TO RESPOND TO THE COMPLAINT IN ABEYANCE**

Defendant, Wells Fargo Bank, N.A., files this Reply in Support of its Motion for Leave to File Amended Motion to Compel Arbitration, to Stay Litigation, for Attorneys' Fees and Costs, and to Hold the Deadline to Respond to the Complaint in Abeyance [Dkt. 19] ("Motion to Amend").

In its Response Opposing the Motion to Amend [Dkt. 23] ("Response"), Plaintiff fundamentally mischaracterizes the nature of Wells Fargo's request and relies on inapposite authority to persuade this Court to disregard its inherent authority, the strong federal policy favoring arbitration, and the strong interest in resolving disputes on the merits. For the reasons set forth below and in its Motion to Amend, the Court should grant Wells Fargo leave to file its proposed Amended Motion to Compel Arbitration.

**A. The Driscoll Declaration is not "new evidence", and Wells Fargo's proposed Amended Motion to Compel Arbitration is otherwise identical to its original Motion.**

At the outset, Plaintiff misrepresents the purpose of the proposed Amended Motion to Compel Arbitration. Wells Fargo seeks leave to supplement the record with a supporting Declaration of Shayne Driscoll (the "Driscoll Declaration"), a Wells Fargo representative, to cure the evidentiary objections asserted by Plaintiff. The Declaration serves to authenticate the two exhibits to Wells Fargo's original Motion to Compel Arbitration – the Consumer Account Application ("Account Application") and Deposit Account Agreement ("Account Agreement") – and establish their admissibility as business records, addressing Plaintiff's objections to Wells Fargo's reliance on them without a declaration. Statements identifying the documents as records kept in the regular course of business, confirming the practices by which such records are generated and maintained, and confirming the applicability of the Account Agreement to the Account at issue are not "new evidence" — they are the foundational prerequisites for authenticity and admissibility.

Plaintiff objects to the inclusion of a statement about how the Decedent received the Account Agreement in the Driscoll Declaration. But this type of foundational statement is not "new evidence" or even "new". As set forth in Wells Fargo's original Motion to Compel Arbitration, the Decedent expressly acknowledged that he received the Account Agreement in the Account Application. *See* Dkt. 14, pp. 2, 5-6. Moreover, as set forth in Wells Fargo's Reply in Support of its original Motion to Compel Arbitration [Dkt. 21], the exhibits to the Complaint also irrefutably prove that the Decedent received the Account Agreement. *See* Dkt. 21, pp. 4-6.

Other than the inclusion of the Driscoll Declaration, Wells Fargo's proposed Amended Motion to Compel Arbitration is substantively identical to its original Motion. Moreover, Plaintiff's claim that Wells Fargo attached "a new amended Account Agreement exhibit different

from the original Motion to Compel" is simply wrong. *See* Resp., p. 4. The Account Agreement attached to the original Motion to Compel Arbitration and proposed Amended Motion are the same agreement (and the same one identified in the exhibits to Plaintiff's Complaint).

**B. Plaintiff's reliance on *Wallrich* is misplaced.**

Plaintiff relies heavily on the Seventh Circuit's opinion in *Wallrich v. Samsung Electronics America, Inc.*, 106 F.4th 609 (7th Cir. 2024) (hereinafter referred to as "*Wallrich*"), to support its position that a party may never amend a motion to compel arbitration once it is filed. The *Wallrich* opinion is inapplicable to Wells Fargo's Motion to Amend.

Contrary to Plaintiff's assertion, in *Wallrich*, the Seventh Circuit did not address "the exact issue here of whether a party should get a second chance to present additional evidence to support compelling arbitration even after the non-movant's Response. . . ." Resp., p. 5. As this Court correctly noted in rejecting a nearly identical argument to the one made by Plaintiff here, "*Wallrich* simply holds that *remand* for discovery of additional evidence relevant to a motion to compel arbitration *after appeal* is not warranted." *Geske v. Am. Wagering, Inc.*, No. 23 C 1665, 2025 WL 2532722, at *2 (N.D. Ill. Sept. 3, 2025) (Durkin, J.) (emphasis in original). As this Court explained in *Geske*:

> In support of waiver, Plaintiffs renew an argument they first made during a hearing where they opposed granting leave to Defendant to file this second motion to compel arbitration. At that hearing, Plaintiffs argued that the Seventh Circuit prohibited renewed motions to compel arbitration in *Wallrich v. Samsung Electronics Am., Inc.*, 106 F.4th 609, 619 (7th Cir. 2024). But as the Court already explained at the hearing, ***Wallrich* does not stand for the proposition that renewed motions to compel arbitration are disallowed**. Rather, *Wallrich* simply holds that *remand* for discovery of additional evidence relevant to a motion to compel arbitration *after appeal* is not warranted. *Wallrich's* holding about when remand is appropriate is not relevant to whether a first motion to compel arbitration constitutes a waiver to a second motion after a more complete factual investigation. And contrary to Plaintiffs' argument, the Supreme Court has emphasized that the Federal Arbitration Act "leaves no place for the exercise of discretion by a district court," *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985), but instead requires that district courts "rigorously enforce arbitration agreements according to

> their terms," *Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013). The Court finds that this rule permits Defendant's second motion here based on a more thorough investigation of the relevant facts.

*Id.* at *2 (bold emphasis added; italicized emphasis in original).[1]

Thus, *Wallrich* stands for the unremarkable position that a party cannot seek a do-over on appeal after having failed to carry its burden in the trial court. It does not limit the district court's authority to allow a party to supplement the record on a pending motion before ruling. As set forth in its Motion to Amend, this Court has broad inherent authority to manage its docket and to allow parties to correct or supplement filings in the interest of resolving disputes on the merits.

**C. Neither Rule 6 nor Rule 16 bar Wells Fargo from seeking leave to file an amended motion.**

There is no procedural rule that bars Wells Fargo from seeking leave to file an amended motion or restricts this Court's authority to grant such a motion. Plaintiff seems to acknowledge as much in a footnote in its Response. *See* Resp., p. 11 at n. 1. Moreover, neither Rule 6 nor Rule 16 requires Wells Fargo to show excusable neglect or good cause before it may be granted leave to amend.

Rule 6(c)(2) provides that "[a]ny affidavit supporting a motion must be served with the motion." Wells Fargo is not seeking to belatedly file an affidavit in support of its original Motion to Compel. Thus, Plaintiff's reliance on *Horvath v. Apria Healthcare, LLC*, 2019 WL 5725378 (N.D. Ill. Nov. 5, 2019), is equally misplaced. *See* Resp., pp. 7, 11. Rather, Wells Fargo seeks leave of the Court to file an Amended Motion in compliance with Rule 6 and afford Plaintiff an opportunity to fully respond to the Amended Motion, including the Driscoll Declaration – the

---

[1] Notably, Plaintiff cites an earlier opinion from the same case in its Response Opposing Wells Fargo's Motion to Compel Arbitration. *See* Dkt. 18, p. 10.

antithesis of sandbagging. Indeed, Plaintiff will have had ample notice and time to prepare its response to the Amended Motion to Compel should the Court grant Wells Fargo leave to file it.

Moreover, Plaintiff's argument that the Court's January 30, 2026, Minute Order setting a February 13, 2026, deadline to respond to the Complaint constitutes a "scheduling order" subject to the "good cause" standard of Rule 16(b) is strained. A deadline for a responsive pleading is vastly different from a comprehensive scheduling order. Nevertheless, there is good cause to grant Wells Fargo's Motion to Amend given the strong federal policies favoring arbitration agreements and the resolution of arbitrability disputes on the merits. Plaintiff's claims that it will be prejudiced by granting the Motion to Amend amounts to nothing more than complaints that it will lack meritorious objections to the otherwise binding arbitration agreement between the parties. This is not the type of prejudice that would weigh in favor of denying Wells Fargo's Motion to Amend.

**Conclusion**

Given the strong federal policy favoring arbitration agreements, Wells Fargo respectfully asserts that this Court should exercise its discretion and permit Wells Fargo to file its proposed Amended Motion to Compel Arbitration. Plaintiff will have a full and fair opportunity to respond to the Amended Motion to Compel Arbitration and assert any objections it has to the Driscoll Declaration.

Dated: April 6, 2026

By: /s/ Matthew Scot Payne
Attorney for Defendant Wells Fargo Bank, N.A.

MATTHEW SCOT PAYNE
mpayne@foxrothschild.com
Fox Rothschild LLP
321 N. Clark Street, Suite 1600
Chicago, Illinois 60654
Phone (312) 517-9200