UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVEN MUSKAL, AS INDEPENDENT ADMINISTRATOR OF THE ESTATE OF JAMES B. MUSKAL,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | No. 25 C 15478<br><br>Judge Thomas M. Durkin |

## ORDER

Plaintiff Steven Muskal, on behalf of the estate of his father James B. Muskal, brought claims for violation of the Electronic Funds Transfer Act, 15 U.S.C. § 1693m, and negligence against Defendant Wells Fargo Bank, N.A. ("Wells Fargo") for refusing to reimburse allegedly unauthorized transactions on James Muskal's account. Wells Fargo filed a motion to compel arbitration, R. 13, and now seeks leave to amend that motion, R. 19. For the following reasons, the motion to amend is granted.

## Background

Plaintiff alleges that, over the course of approximately 12 weeks from December 2024 through March 2025, more than $100,000 was fraudulently taken from James Muskal via purchases and ATM cash withdrawals made in Santa Cruz, Jamaica. R. 1 ¶¶ 1, 7, 34. However, during this time, James Muskal was in Chicago, Illinois where he remained until his death on March 13, 2025. *Id.* ¶ 14. Many of the

fraudulent transactions occurred at times when it was impossible for James Muskal to be in Jamaica such as when he was hospitalized for approximately one week in Chicago in December 2025 as well as after his death. *Id.* ¶¶ 6–9, 30–31. In total, there were nearly 100 allegedly fraudulent transactions. *Id.* Ex. J. Defendant did not alert James Muskal to any of these transactions despite their suspicious nature. *Id.* ¶¶ 12–13, 17–31.

After his father's passing, Plaintiff discovered the alleged fraudulent transactions and submitted a claim to Defendant that included evidence supporting that James Muskal was not in Jamaica and that the transactions were unauthorized. *Id.* ¶¶ 32–33. Defendant reimbursed only the amount withdrawn after James Muskal's death—less than $2,500 of the $103,823 claim. *Id.* ¶ 34. Plaintiff subsequently filed the instant suit on December 19, 2025. R. 1. On February 23, 2026, Defendant filed a motion to compel arbitration based on an alleged binding Arbitration Agreement in James Muskal's Account Agreement. R. 13. Plaintiff responded on March 6, 2026, arguing that the Account Agreement was unauthenticated, inadmissible, and insufficient to show that James Muskal consented to the Arbitration Agreement. R. 18. On March 20, 2026, Defendant filed a motion to amend its motion to compel to include a declaration from Shayne Driscoll, a Wells Fargo representative, and some clarifying details regarding the authenticity and admissibility of the Account Agreement. R. 19.

## Discussion

This Court has inherent authority to manage its own docket and to allow parties to correct or supplement evidentiary filings. *See Dietz v. Bouldin*, 579 U.S.

40, 45 (2016) ("[A] district court possesses inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" (citations omitted)); *Williams v. DeJoy*, 88 F.4th 695, 702 (7th Cir. 2023) ("District courts, however, have 'inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases.'" (citing *Dietz*, 579 U.S. at 47)).

Exercising that authority, the Court grants Defendant's motion to amend. The motion's amendments are minimal and clarify details regarding the disputed Account Agreement; there is nothing to suggest Defendant is seeking to add substantively new evidence nor new arguments. And the majority of the "additional evidence," as Plaintiff calls it, in Defendant's declaration is not in fact additional because it is present in the original motion to compel. Further, there is no prejudice to Plaintiff. This case is mere months old, there has been one uncontested two-week extension, and Plaintiff will not be prejudiced in having to respond anew to a slightly altered motion. In fact, Defendant may suffer prejudice if amendment is not permitted and the motion to compel is decided on a procedural technicality. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.").

Plaintiff argues that *Wallrich v. Samsung Elecs. Am., Inc.*, 106 F.4th 609 (7th Cir. 2024) forecloses Defendant's ability to amend its motion to compel. But *Wallrich*

"simply h[eld] that *remand* for discovery of additional evidence relevant to a motion to compel arbitration *after appeal* is not warranted." *Geske v. Am. Wagering, Inc.*, No. 23 C 1665, 2025 WL 2532722, at *2 (N.D. Ill. Sept. 3, 2025) (emphasis in original). It does not stand for the proposition that amendments to motions to compel arbitration are disallowed, and thus does not foreclose Defendant's ability to amend its motion to compel.

Plaintiff further argues that Defendant amending its motion to include a declaration is "sandbagging" that runs afoul of Rule 6(c)(2). *See* Fed. R. Civ. P. 6(c)(2) ("Any affidavit supporting a motion must be served with the motion."); *Horvath v. Apria Healthcare, LLC*, No. 19 CV 4894, 2019 WL 5725378, at *1–2 (N.D. Ill. Nov. 5, 2019) (holding that two new affidavits attached to a reply brief were "procedurally inappropriate" and "sandbagging" because "by waiting until its reply to submit new evidence and new arguments based on that evidence, [defendant] denied plaintiff a fair chance to respond"). But Defendant is not seeking to bring new evidence in a reply brief; Defendant is seeking leave to amend its motion to compel to include the declaration. Consequently, Plaintiff will have his opportunity to fully respond to the declaration. As Defendant argues, that is "the antithesis of sandbagging." R. 24 at 4–5. Because Plaintiff will have "ample notice and time to prepare [his] response to the Amended Motion to Compel," *id.* at 5, Plaintiff's argument is unavailing.

Plaintiff additionally conflates Rule 6(c)(2) with Rule 6(b) and argues that because Defendant did not include its declaration in its original motion, Defendant

must now show "excusable neglect" to amend. *See* Fed. R. Civ. P. 6(b). Plaintiff does not provide support for his reading of Rule 6(b) nor can the Court discern any.

Plaintiff next argues that Defendant hasn't shown good cause to modify the deadline to file its motion under Rule 16. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"). But a Rule 16 "scheduling order" comes after the parties' Rule 26(f) conference and concerns the case's overall progression. The agreed motion briefing schedule here is not a "scheduling order" as understood in Rule 16.

Although Plaintiff is understandably frustrated that Defendant's declaration was not included in its original motion, given the early stage of litigation and the lack of prejudice to Plaintiff, the Court will allow Defendant, this time, to amend its motion to compel.

**Conclusion**

For the foregoing reasons, the Court grants Defendant's motion to amend.

ENTERED:

Thomas M Durkin

Honorable Thomas M. Durkin
United States District Judge

Dated: May 1, 2026