**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| STEVEN MUSKAL, as Independent Administrator of the Estate of James B. Muskal,<br><br>Plaintiff,<br>-against-<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Civil No. 1:25-cv-15478<br><br>Judge Thomas M. Durkin |

**DEFENDANT WELL FARGO BANK, N.A.'S *AMENDED* MOTION TO COMPEL ARBITRATION, TO STAY LITIGATION, FOR ATTORNEYS' FEES AND COSTS, AND TO HOLD THE DEADLINE TO RESPOND TO THE COMPLAINT IN ABEYANCE**

Pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1, *et. seq.,* and the Arbitration Agreement between the parties, Defendant Wells Fargo Bank, N.A. ("Wells Fargo") moves the Court to compel Plaintiff to submit its claims to arbitration and stay this proceeding pending the completion of arbitration. As more fully discussed in Wells Fargo's memorandum of law in support of this Motion, James Muskal and Wells Fargo entered a binding and enforceable agreement to arbitrate any disputes between them before the American Arbitration Association (AAA). Plaintiff, as the administrator of Mr. Muskal's estate, is equally bound by the Arbitration Agreement for the claims at issue in this case. Wells Fargo also moves for an award of its attorneys' fees and costs incurred in compelling arbitration pursuant to the Arbitration Agreement.

The resolution of the instant Motion may resolve this case entirely until a final award is entered in arbitration before the AAA. Thus, Wells Fargo also moves this Court to hold the

deadline for it to respond to the Complaint in abeyance until the remainder of this Motion is resolved.

The parties propose the following briefing schedule:

Plaintiff's Response in Opposition to the Motion – May 26, 2026.

Wells Fargo's Reply in Support of the Motion – June 9, 2026.

For the foregoing reasons and as more fully set forth in its memorandum of law in support of this Motion, Wells Fargo respectfully requests entry of an Order: (i) holding the deadline for Wells Fargo to respond to the Complaint in abeyance pending a ruling on the remainder of this Motion; (ii) compelling Plaintiff to submit its claims to arbitration; (iii) staying this action during the pendency of the arbitration proceeding; (iv) finding Wells Fargo is entitled to its attorneys' fees and costs incurred in connection with compelling arbitration, in an amount to be determined pursuant to a subsequent motion; (v) reserving jurisdiction to determine the amount of fees and costs to which Wells Fargo is entitled; and (vi) granting such other and further relief as is just and proper.

Dated: May 5, 2026

By: /s/ Matthew Scot Payne
Attorney for Defendant Wells Fargo Bank, N.A.

MATTHEW SCOT PAYNE
mpayne@foxrothschild.com
Fox Rothschild LLP
321 N. Clark Street, Suite 1600
Chicago, Illinois 60654
Phone (312) 517-9200