**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| STEVEN MUSKAL, as Independent Administrator of the Estate of James B. Muskal,<br><br>Plaintiff,<br><br>-against-<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Civil No. 1:25-cv-15478<br><br>Judge Thomas M. Durkin |

**DEFENDANT WELLS FARGO BANK, N.A.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AS OF RIGHT UNDER RULE 15(a)(1)(B), OR ALTERNATIVELY, WITH THE COURT'S LEAVE UNDER RULE 15(a)(2)**

Defendant, Wells Fargo Bank, N.A., files this Response in Opposition to the Motion for Leave to Amend Complaint as of Right under Rule 15(a)(1)(B), or alternatively, with the Court's Leave under Rule 15(a)(2) [Dkt. 29] filed by Plaintiff, Steven Muskal, as Independent Administrator of the Estate of James B. Muskal. For the reasons set forth below, Plaintiff is not entitled to amend its complaint as a matter of right, and the Court should deny Plaintiff's request for leave to amend because the proposed amendment is futile.

## INTRODUCTION

Plaintiff filed this action against Wells Fargo on December 19, 2025. In the original Complaint, Plaintiff asserts claims for violation of the Electronic Fund Transfer Act ("EFTA") and negligence related to allegedly unauthorized transfers from a bank account maintained by James Muskal (the "Account"). The Account is governed by a binding Arbitration Agreement that requires Plaintiff and Wells Fargo to submit any disputes between them to arbitration. Accordingly,

on February 13, 2026, Wells Fargo filed a Motion to Compel Arbitration, to Stay Litigation, for Attorneys' Fees and Costs, and to Hold the Deadline to Respond to the Complaint in Abeyance ("Motion to Compel Arbitration") [Dkts. 13 and 14]. Wells Fargo later filed an Amended Motion to Compel Arbitration [Dkts. 26 and 27] on May 5, 2026.

On May 26, 2026, Plaintiff filed a Motion for Leave to Amend Complaint [Dkt. 29] seeking to add a third count for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("Consumer Fraud Act") based on Wells Fargo's alleged violations of the EFTA. *See* Dkt. 29. Plaintiff argues it is entitled to amend the Complaint as a matter of course under Rule 15(a)(1)(B) because the amendment is sought 21 days after service of Wells Fargo's Amended Motion to Compel Arbitration. Alternatively, Plaintiff argues the Court should grant it leave to amend the Complaint under Rule 15(a)(2).

Plaintiff does not have the right to amend the Complaint as a matter of course because the amendment is sought more than 21 days after Wells Fargo filed its original Motion to Compel Arbitration. Moreover, the Court should deny Plaintiff leave to amend the Complaint because the proposed amended claims are subject to the Arbitration Agreement. Thus, the proposed amendment is futile.

## MEMORANDUM OF LAW

### A. Plaintiff cannot amend the Complaint absent leave of the Court because its right to amend as a matter of course expired 21 days after Wells Fargo filed its original Motion to Compel Arbitration.

Plaintiff's right to amend as a matter of course expired on March 7, 2026—21 days after Wells Fargo filed its original Motion to Compel Arbitration. Wells Fargo's filing of the Amended Motion to Compel Arbitration did not create an additional 21-day period to amend as a matter of course. Accordingly, Plaintiff has no right to amend the Complaint without leave of the Court.

Rule 15(a)(1) sets forth the requirements under which a party may amend its pleading as a matter of course. Rule 15(a)(1) provides:

> **(1)** ***Amending as a Matter of Course.*** A party may amend its pleading once as a matter of course no later than:
>
> **(A)** 21 days after serving it, or
>
> **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15.

"[T]he right to amend **once** as a matter of course terminates 21 days after service of a motion under Rule 12(b), (e), or (f)." Fed. R. Civ. P. 15, Advisory Committee Notes, 2009 Amendment (emphasis added); *see Savignac v. Jones Day*, 341 F.R.D. 120, 123 (D.D.C. 2022). Rule 15 does not grant a party multiple 21-day periods to amend as a matter of course. *See U.S. ex rel. Carter v. Halliburton Co.*, 144 F. Supp. 3d 869, 878 (E.D. Va. 2015), *as modified on denial of reconsideration sub nom. United States ex rel. Carter v. Halliburton Co.*, 315 F.R.D. 56 (E.D. Va. 2016), and *aff'd sub nom. United States ex rel. Carter v. Halliburton Co.*, 866 F.3d 199 (4th Cir. 2017), and *aff'd sub nom. United States ex rel. Carter v. Halliburton Co.*, 866 F.3d 199 (4th Cir. 2017) ("[T]he text of the rule and the advisory committee notes strongly suggest that a party does not get multiple 21–day periods to amend."). As explained in the text of the Advisory Committee Notes to the 2009 Amendment:

> The 21-day periods to amend once as a matter of course after service of a responsive pleading or after service of a designated motion are not cumulative. If a responsive pleading is served after one of the designated motions is served, for example, there is no new 21-day period.

Fed. R. Civ. P. 15, Advisory Committee Note, 2009 Amendment.

Moreover, "the purpose of the [2009] amendment [to Rule 15(a)] was to require pleaders to file amended complaints promptly following dispositive motions and to increase efficient

management of the court's docket." *Hayes v. D.C.*, 275 F.R.D. 343, 345 (D.D.C. 2011). Thus, "the right to amend the complaint once as a matter of course is confined to the initial stages of a case—that is, the right terminates 21 days after the **first** responsive pleading or motion under Rule 12(b), (e), or (f) is served, and **it does not revive thereafter**." *Savignac*, 341 F.R.D. at 123 (emphasis added). Accordingly, the filing of an amended or subsequent Rule 12 motion does not create an additional 21-day period for a plaintiff to amend the complaint as a matter of course. *See id.*; *U.S. ex rel. Carter*, 144 F. Supp. 3d at 879 ("[T]he time period for amending the complaint as a matter of course under 15(a)(1) began when Defendants filed their *first* motion to dismiss on October 21, 2011. . . . The current motion to dismiss, filed nearly four years later on August 17, 2015, did not create a cumulative 21–day period for amendment.") (emphasis in original).

Wells Fargo filed its Motion to Compel Arbitration on February 13, 2026. Plaintiff's right to amend as a matter of course expired 21 days later—on March 7, 2026. Plaintiff did not move to amend the Complaint until May 26, 2026. Thus, Plaintiff has no right to amend the Complaint as a matter of course and may only do so with leave of the Court.

**B. The Court should deny Plaintiff leave to amend because the proposed amended claims are arbitrable, and therefore, the proposed amendment would be futile.**

Because Plaintiff's proposed amended claims are subject to the Arbitration Agreement, the proposed amendment is futile. Thus, Plaintiff's Motion for Leave to Amend should be denied.

"While Rule 15(a) states that 'leave shall be freely given when justice so requires,' the court should not allow the plaintiff to amend his complaint when to do so would be futile." *Moore v. State of Ind.*, 999 F.2d 1125, 1128 (7th Cir. 1993); *see Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002) (leave to amend "is appropriately denied when, among other reasons, the amendment would be futile."); *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962) (Leave to amend should be granted unless there is "undue delay, bad faith or dilatory

motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, **futility of amendment**, etc.") (emphasis added). "Moreover, the decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court." *Brunt*, 284 F.3d at 720. "A district court does not abuse its discretion in denying a motion to amend when amending the pleading would be a futile act." *Wilson v. Am. Trans Air, Inc.*, 874 F.2d 386, 392 (7th Cir. 1989); *see Gandhi v. Sitara Capital Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir. 2013).

A proposed amendment is futile when the proposed amended claims are subject to a binding arbitration agreement. *See, e.g., Halliburton & Associates, Inc. v. Henderson, Few & Co.*, 774 F.2d 441, 445 (11th Cir. 1985) ("The claims contained in the amendment to [the] complaint are subject to the parties' agreement to arbitrate disputes . . . . Accordingly, the amendment was futile, and the district court did not abuse its discretion in denying leave, compelling arbitration and staying its own proceedings."); *James T. Scatuorchio Racing Stable, LLC v. Walmac Stud Mgmt., LLC*, CIV.A. 5:11-374-DCR, 2014 WL 1281475, at *10 (E.D. Ky. Mar. 27, 2014) ("Futility has been found to exist where the new claims a party seeks to add through amendment are subject to a binding arbitration agreement."). Courts routinely deny motions for leave to amend seeking to add claims that are subject to binding arbitration agreements as futile. *See, e.g.*, *The Detroit Edison Co. v. Burlington N. & Santa Fe Ry. Co.*, 442 F. Supp. 2d 387, 395 (E.D. Mich. 2006) (denying motion for leave to amend as futile where the claim sought to be added was arbitrable); *Williams v. Cello P'ship*, CV 25-1190-BAH, 2026 WL 371125, at *7 (D. Md. Feb. 10, 2026); *In re DMK Pharmaceuticals Corp*, 24-10153 (MFW), 2025 WL 2375228, at *14 (Bankr. D. Del. Aug. 14, 2025); *Prof'l Mgmt. Services Group, Inc. v. Zurich Am. Ins. Co., Inc.*, 8:14-CV-2180-T-36EAJ, 2015 WL 1310989, at *3 (M.D. Fla. Mar. 24, 2015) (denying motion for leave to amend complaint

because plaintiff "ha[d] not shown that any of the proposed amended claims would escape arbitration").

In its proposed amended complaint, Plaintiff seeks to add one count for violation of the Consumer Fraud Act based on Wells Fargo's alleged violation of the EFTA. The additional count is a dispute between the parties and within the scope of the Arbitration Agreement. *See* Dkt. 27-1, Ex. B at p. 38 (defining "dispute" subject to Arbitration Agreement as "any unresolved disagreement" between the parties). Accordingly, Plaintiff only seeks to add a claim that is arbitrable. Plaintiff concedes that "the additional count does not affect the merits of [the Amended Motion to Compel Arbitration]. . . ." Mot., ¶ 5. Thus, Plaintiff's Motion for Leave to Amend should be denied because the proposed amendment is futile.

## **Conclusion**

Like the original Complaint, Plaintiff's claims in the proposed amended complaint must be arbitrated pursuant to the parties' Arbitration Agreement. Thus, Plaintiff's proposed amendment is futile. The Court should deny Plaintiff's Motion for Leave to Amend and compel Plaintiff to submit its claims to arbitration.

Dated: June 17, 2026

By: /s/ Matthew Scot Payne
Attorney for Defendant Wells Fargo Bank, N.A.

MATTHEW SCOT PAYNE
mpayne@foxrothschild.com
Fox Rothschild LLP
321 N. Clark Street, Suite 1600
Chicago, Illinois 60654
Phone (312) 517-9200