**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

STEVEN MUSKAL, as Independent Administrator of the Estate of James B. Muskal,

Plaintiff,

v.

WELLS FARGO BANK, N.A.,

Defendant.

Civil No. 1:25-cv-15478

Judge Thomas M. Durkin

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT AS OF RIGHT UNDER RULE 15(a)(1)(B), OR ALTERNATIVELY, WITH THE COURT'S LEAVE UNDER RULE 15(a)(2)**

Plaintiff hereby submits this reply in support of its Motion for leave to file an Amended Complaint as of right under Rule 15(a)(1)(B), or alternatively, with the Court's leave under Rule 15(a)(2).

**I. Plaintiff is entitled to amend as of right under Rule 15(a)(1)(B)**

Wells does not dispute that its Amended Motion to Compel Arbitration is considered brought pursuant to Rule 12(b)(3) such that Rule 15(a)(1)(B) is applicable, nor that plaintiff brought this Motion for Leave to Amend within 21 days after service of the Amended Motion to Compel pursuant to Rule 15(a)(1)(B).

Instead, Wells relies on an exception to Rule 15(a)(1)(B) that is not applicable here because Wells' Amended Motion to Compel is its first responsive pleading to the Complaint. To understand the exception and why it does not apply here, we first examine the express language of Rule 15(a)(1), which allows this motion as a matter of right. Rule 15(a)(1)(B) states:

> **(1)** ***Amending as a Matter of Course.*** A party may amend its pleading once as a matter of course no later than:
>
> **(A)** 21 days after serving it, or
>
> **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15. Under the express language of the Rule, plaintiff is entitled to amend here as a matter of course "21 days after service of a motion under Rule 12(b)", which plaintiff did here by moving to amend within 21 days of the Wells' Amended Motion to Compel -- which is considered a motion pursuant to Rule 12(b)(3). *Groeneweg v. Citibank*, NA., 2026 U.S. Dist. LEXIS 75428, *2, 2026 WL 936993.

The exception that Wells has cited is that courts do not allow amendments as a matter of course to a subsequent complaint which has already been amended -- i.e. from a second amended complaint to a third amended complaint as in Wells' precedent of *Savignac v. Day* – as the goal of Rule 15(a)(1) is to allow easy amendment to the first complaint at the start of an action. 341 F.R.D. 120, 124 (D.D.C. 2022). Such is not the case here, so this exception does not apply.

Wells also fails to understand that its Amended Motion to Compel is indeed its first responsive pleading or motion in this matter. Once an amended pleading is filed, it supersedes the prior pleading which is in effect withdrawn, and the superseded pleading is a void and a nullity. *Pegues v. Coe*, 2016 U.S. Dist. LEXIS 141333, *4-5, 2016 WL 11970375 (S.D.Ill 2016); *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004); *Duda v. Bd. of Educ.*, 133 F.3d 1054, 1057 (7th Cir. 1998). Likewise, an amended motion to dismiss supersedes the first motion and renders it a nullity. *Inclusive Cmtys. Project, Inc. v. Heartland Cmty. Ass'n*, 399 F. Supp. 3d 657, 661, (N.D.Tex. 2019);

*J&J Sports Prods. v. Robles*, 2014 U.S. Dist. LEXIS 29428, *2-3 (N.D.Ill.) (second motion to dismiss supersedes the first motion).

Thus, in this matter as shown above, the current Amended Motion to Compel is considered the first responsive pleading, because the original Motion is considered void and a nullity and is in effect withdrawn under *Pegues*, *Flannery*, and *Duda*. Moreover, this Court is not going to rule on the first Wells' Motion but only on the Amended Motion, and that Amended Motion is the first responsive pleading before this Court. The *Savignac* precedent cited by Wells states its exception as "after the first responsive pleading or motion under Rule 12(b), (e), or (f) is served, [the period] does not revive thereafter" (*Savignac*, 341 F.R.D. at 123), but the exception does not apply here where the first non-voided unwithdrawn responsive pleading is the Amended Motion. Wells' only other cited precedent on this issue involved a subsequent Motion to Dismiss filed on different grounds nearly four years after the first motion to dismiss, hardly the "start of the action" as the expressed concern in *Savignac*. *See United States ex rel. Carter v. Halliburton Co.*, 144 F. Supp. 3d 869, 879 (E.D. Va. 2015) (21-day window goal of expedited determination is incompatible with request to amend nearly four years after first motion to dismiss).

Nor is Wells supported by the Rule 15 Advisory Committee note it cites, which states:

> "The 21-day periods to amend once as a matter of course after service of a responsive pleading or after service of a designated motion are not cumulative. If a responsive pleading is served after one of the designated motions is served, for example, there is no new 21-day period."

Fed. R. Civ. P. 15, Advisory Committee Note, 2009 Amendment. In this matter, there has been no separate responsive pleading served after a designated motion, but instead we still only have a single Motion to Dismiss where the Amended Motion has superseded the original Motion which is now void and a nullity. In this matter, where Wells has chosen to void its original Motion to file an Amended Motion to Dismiss with new issues, Rule 15(a)(1) must apply here to allow amendment within 21 days in response to the actual issues detailed in the first valid motion to dismiss to be considered here at the start of this action – or as the Committee Notes say: "to meet the arguments in the motion." Fed. R. Civ. P. 15, Advisory Committee Note, 2009 Amendment.

Accordingly, three reasons compel allowance of this Motion to Amend as a matter of right in this matter: (1) the express language of the Rule 15(a)(1), (2) the voiding of the original motion with the amended motion, and (3) the fact that this Motion has occurred at the very start of this action rather than with a Second Amended Complaint or four years later. Wells also has not provided any precedents in this matter remotely applicable to this matter here of amending the initial Complaint at the start of the case in response to the first non-voided Motion to Dismiss. Wells has not shown it is entitled to its sought exception of Rule 15(a)(1) that is directly contrary to the express language of the Rule allowing amendment as of right here, and this Court should follow the specific language of Rule 15(a)(1) accordingly to allow amendment as of right here.

**II. Plaintiff should also be given leave to amend under Rule 15(a)(2)**

Alternatively, plaintiff also seeks leave to amend under Rule 15(a)(2), which provides that a court "'should freely give leave [to amend] when justice so requires.'" *KAP*

*Holdings, LLC v. Mar-Cone Appliance Parts Co.,* 55 F.4th 517, 529 (7th Cir. 2022) (quoting Fed. R. Civ. P. 15(a)).

Wells does not contend that this amendment is dilatory or deficient on the merits, but argues that this Court should exercise its discretion to deny leave as "futile" where Wells asserts an arbitration clause controls. Yet Wells does not explain any reasoning behind its request, and judicial economy counsels the opposite result. First, if their Motion to Compel Arbitration is denied, then there is already the Amended Complaint on file for Wells to respond to. Second, if the arbitration decision is appealed, then the Seventh Circuit knows the claims at issue here. Third, even if the Motion to Compel is granted, there is no reason why the addition of the Consumer Fraud Act claim should not take place currently here under the applicable rules, rather than going through additional procedures and delay to amend the pleading before the arbitration panel. Simply put, there is no judicial economy gained under any circumstances by going through the amendment process later instead of now, and Wells has not cited any precedents from the Seventh Circuit in support of its stance. Where Rule 15(a)(2) directs that leave should be freely given, and Wells has not made any arguments that denying leave will aid the parties or judicial economy in any way, this Court should exercise its discretion to freely allow the amendment here as directed by Rule 15(a)(2).

## CONCLUSION

For all the reasons above, plaintiff respectfully requests leave to file its Amended Complaint as of right under Rule 15(a)(1)(B), or alternatively, with the Court's leave under Rule 15(a)(2).

By:____/s/ Michael Steigmann_____
Attorney for Plaintiff

Michael Steigmann
150 S. Wacker Dr. #2400
Chicago, Illinois 60601
(312) 833-5945